REGAN, Judge.
Plaintiff, William Clark, instituted this suit against the defendant. Claude Boi-hem, endeavoring to recover the sum of $404, representing próperty damage incurred by his vehicle as the result of an intersectional collision in Fontainbleau Drive and Audubon Boulevard, caused by the defendant’s negligence in driving at an excessive rate of speed and colliding with his vehicle, which was operated by his 18-year-old son, Kerry.
The defendant’s answer consisted of a general denial; he then reconvened seeking to recover the sum of $275, representing property damage to his vehicle.
From a judgment dismissing plaintiff’s suit and awarding defendant the sum of $275, the plaintiff has prosecuted this appeal.
The record reveals that Fontainbleau Drive is a double roadway, divided by a 16 foot neutral ground. The respective roadways accommodate traffic moving between Carrollton Avenue and Broad Street. Vehicles moving in Audubon Boulevard, which intersects this thoroughfare, are regulated by a stop sign located at both entrances into the intersection.
On March 22, 1960, at approximately 7 :30 a. m., defendant was driving in Fon-tainbleau Drive toward Broad Street. He was required to negotiate a sharp curve in the roadway shortly before reaching the Audubon Boulevard intersection; the curve ends 150 feet therefrom.
When the defendant was approximately 125 feet removed from the intersection, he noticed plaintiff’s vehicle moving through the neutral ground area in Audubon Boulevard and it was apparent the driver did not intend to stop before attempting to traverse the roadway in which defendant’s vehicle approached. Although he quickly applied his brakes, he was unable to avoid hitting the plaintiff’s vehicle amidships, which caused it to slowly turn over at the point of impact. The collision occurred in the center of the intersection.
The defendant related that he was traveling at a speed of 15 miles per hour when *442 the accident occurred; however, plaintiff’s son insists that he was speeding. The young driver conceded that he did not stop his father’s vehicle after crossing the neutral ground area, but he asserted he could see for a distance of 100 feet in the direction from which plaintiff approached and there was no traffic. He explained his vision beyond that point was obscured by shrubbery growing in the neutral ground area. He stated he did not see the defendant’s vehicle until several seconds before the impending collision and his attention was attracted thereto when he heard a “squealing” noise caused by defendant’s sudden application of his brakes.
Plaintiff’s son further asserted that the defendant commented immediately after the accident that he failed to see the plaintiff’s car because the sun was shining in his eyes. The defendant denied making this statement.
The trial judge in deciding the issue in favor of the defendant was of the opinion “ * * * that the accident was caused solely by the negligence of the plaintiff (’s son) in crossing a right of way street admittedly without being able to see whether any automobiles were coming. The evidence does not indicate any negligence on the part of the defendant since the physical facts negate any concept of speeding, and his view was obstructed on the side from which the plaintiff proceeded. * * * ” Since the trial judge visited the scene of the accident, there can be no doubt that this latter observation is accurate.
After reviewing the record, we conclude therefrom that the trial court’s finding of fact is correct and the evidence inscribed therein discloses no reversible error.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
Supplemental Opinion
PER CURIAM.
Our original opinion contains the following statement of fact:
“When the defendant was approximately 125 feet removed from the intersection, he noticed plaintiff’s vehicle * *
The distance mentioned therein should be 25 feet, and not 125 feet, which figure was the result of a clerical error.